FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE REJUVI LABORATORY, INC.,
                                    *Debtor*,

MARIA CORSO,
                        *Appellant*,

                v.

REJUVI LABORATORY, INC., DBA
Rejuvi Laboratory,
                        *Appellee.*

No. 21-15530

D.C. No.
3:20-cv-05541-
MMC

OPINION

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted November 18, 2021
San Francisco, California

Filed March 3, 2022

Before: Mary M. Schroeder, William A. Fletcher, and
Eric D. Miller, Circuit Judges.

Opinion by Judge W. Fletcher

# SUMMARY[*]

## Bankruptcy

The panel reversed the district court's decision reversing the bankruptcy court's order allowing creditor Maria Corso's claim in the bankruptcy proceedings of Rejuvi Laboratory, Inc., a chapter 11 debtor.

Corso sought recognition and enforcement of a default money judgment for personal injuries against Rejuvi, granted by an Australian court. The bankruptcy court allowed Corso's claim. The district court reversed, holding that under California's Uniform Foreign-Country Money Judgments Recognition Act, the Australian court did not have personal jurisdiction over Rejuvi, and so the foreign-country judgment should not be recognized.

Reversing the district court and remanding, the panel held that Rejuvi, a California corporation, waived any objection to personal jurisdiction by voluntarily appearing in the South Australian district court when it sought relief from the default judgment. Accordingly, the Australian court's default judgment against Rejuvi was enforceable under the Uniform Act.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Grant Kim (argued), James Till, and David Nealy, LimNexus LLP, San Francisco, California, for Appellant.

Stephen D. Finestone (argued) and Ryan Andrew Witthans, Finestone Hayes LLP, San Francisco, California, for Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Maria Corso seeks recognition and enforcement of a default money judgment for personal injuries against Rejuvi Laboratory, Inc. ("Rejuvi") granted by an Australian district court. She presented the judgment as a claim in federal bankruptcy court in the Northern District of California. The bankruptcy court allowed the claim, but the district court reversed. The district court held that under California's Uniform Foreign-Country Money Judgments Recognition Act ("Uniform Act"), the Australian district court did not have personal jurisdiction over Rejuvi.

We have jurisdiction under 28 U.S.C. § 158(d)(1) and reverse. We hold that Rejuvi waived any objection to personal jurisdiction by voluntarily appearing in the South Australian district court when it sought relief from the default judgment.

## I. Background

Maria Corso is a resident of South Australia, a State in the Commonwealth of Australia. Rejuvi is a California corporation that produces and sells cosmetic products, including a tattoo removal paste. Rejuvi operates a facility in South San Francisco, employs 6 to 9 people, and generates an annual revenue of about $1.4 million.

Rejuvi sells its products in the international market through a network of distributors. In July 2006, Rejuvi entered into an exclusive distribution agreement with Arias Holdings, located in the State of Queensland, Australia. Arias Holdings handled the sale of Rejuvi products in all of Australia, either directly or through subcontracts with others. From 2006 to 2009, Rejuvi made sales in Australia totaling $97,196.80, including $6,560 of tattoo removal products.

Rejuvi's CEO, Wei Cheng, made two sales trips to Australia. Between November 24 and 30, 2006, he was in Brisbane, in Queensland, and Sydney, in the State of New South Wales. Between August 10 and 23, 2007, he was in Sydney, and in Melbourne, in the State of Victoria. Arias Holdings organized "seminars" on these sales trips, at which Cheng gave lectures about Rejuvi products, and Tammy Nguyen, a "master trainer" employed by Rejuvi, demonstrated the use of Rejuvi's tattoo removal paste.

Corso had tattoos on her right ankle and on her back. In September 2007, Corso spoke about removing her tattoos with Michelle Babich, a co-owner of Platinum Beauty, a business in South Australia. Babich had attended one of Cheng's seminars in Sydney, and she told Corso that she had experience applying Rejuvi's tattoo removal paste. Corso

subsequently underwent a tattoo removal procedure using Rejuvi's paste and was severely injured.

In September 2009, Corso sued Rejuvi, Arias Holdings, and Michelle and Branko Babich (co-owners of Platinum Beauty) in the district court of South Australia. Australia has a federal system that is similar to ours in that each Australian state has a constitution and judiciary. The district court is the principal trial court in South Australia.

Rejuvi did not respond to Corso's suit. On May 6, 2010, Corso applied for default judgment against Rejuvi. The next day, the registrar of the South Australian district court granted a default judgment because Rejuvi had filed no defense. In a letter sent on June 7, 2013, the district court informed Rejuvi that it had set a trial date for "assessment of damages."

According to the evidence credited by the South Australian district court at the assessment of damages, the treatment Corso received on her tattoos caused chemical burns, resulting in scars whose treatment required five surgeries. Despite the surgeries, Corso still had scars on her ankle and back. The tattoo treatment also caused a tumor to form on Corso's left kidney. Corso suffered from chronic pain, nerve damage, depression, and post-traumatic stress disorder. In June 2016, the district court entered judgment against Rejuvi for AU$1,020,508.55, exclusive of interest, costs, and "consequential orders."

In October 2016, Corso filed suit in federal district court for the Northern District of California, seeking enforcement of her Australian judgment. Rejuvi answered, contending that the South Australian district court lacked personal

jurisdiction over it.  Rejuvi later opposed Corso's motion for summary judgment on a different ground, contending that the Australian default judgment was not final and noting that Rejuvi had retained Australian counsel to file an application to set aside the judgment.  The federal district court suspended proceedings to allow the Australian court to consider Rejuvi's application to set aside the default judgment.

In June 2018, after a hearing at which Rejuvi appeared and made arguments,  the South Australian district court refused to set aside its 2016 default damage judgment. Rejuvi appealed to the Supreme Court of South Australia, but did not pursue the appeal.

## II. Proceedings Below

In September 2018, Rejuvi filed for bankruptcy in federal bankruptcy court.  Rejuvi's filing showed total assets of $2,870,211 and total liabilities (including the disputed claim from Corso) of $1,357,213.  On January 9, 2019, Corso filed a proof of claim, seeking to enforce the 2016 South Australian judgment for $1,242,240 (including accumulated interests, costs, and legal fees).

On December 9, 2019, the bankruptcy court, applying our three-part test in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004), concluded that the South Australian district court had specific personal jurisdiction over Rejuvi.  The bankruptcy court found that Rejuvi had sufficient minimum contacts because it directed its products to South Australia, provided seminars and training in Australia, and could foresee being sued in a forum where it sold its tattoo removal product.  On July 25, 2020, the

bankruptcy court issued its final order allowing Corso's claim in the amount of $1,118,958.80 (after disallowing some of Corso's claimed fees and costs).

The district court reversed. It held that the South Australian district court lacked personal jurisdiction over Rejuvi, on the ground that Rejuvi had no control over its Australian distributor, and that Rejuvi had purposefully directed its activities to Australia as a whole rather than to the forum state of South Australia. It held that Rejuvi had not waived its personal jurisdiction defense by voluntarily appearing in the South Australian district court in seeking to set aside the default judgment.

Corso timely appealed.

### III. Standard of Review

"We review the district court's decision on appeal from a bankruptcy court order de novo." *In re Cloobeck*, 788 F.3d 1243, 1245 (9th Cir. 2015) (citing *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009)). "We review the bankruptcy court's conclusions of law de novo, and its factual findings for clear error." *Id.*

### IV. Analysis

"The validity of a creditor's claim against the bankruptcy estate is governed by the state law in force in the judicial district wherein the bankruptcy is proceeding." *In re Hashim*, 213 F.3d 1169, 1171 (9th Cir. 2000) (citing *Grogan v. Garner*, 498 U.S. 279, 283 (1991)). In California, the Uniform Act governs recognition and enforcement actions commenced on or after January 1, 2008. Cal. Civ. Proc. Code

§ 1724(a); *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 990 (9th Cir. 2013).

Under the Uniform Act, California courts "shall recognize a foreign-country judgment" that "[g]rants or denies recovery of a sum of money" and that "[u]nder the law of the foreign country where rendered, is final, conclusive, and enforceable." Cal. Civ. Proc. Code §§ 1715(a), 1716(a). There are several exceptions to the Uniform Act's general rule of recognition. As relevant here, a court "shall not recognize a foreign-country judgment if . . . [t]he foreign court did not have personal jurisdiction over the defendant." *Id.* § 1716(b)(2). "[A] foreign court lacks personal jurisdiction over a defendant" if either of two conditions is met: (1) "[t]he foreign court lacks a basis for exercising personal jurisdiction that would be sufficient according to the standards governing personal jurisdiction in [California];" or (2) "[t]he foreign court lacks personal jurisdiction under its own law." *Id.* § 1717(a). However, a foreign-country judgment "shall not be refused recognition for lack of personal jurisdiction" if "[t]he defendant voluntarily appeared in the proceeding, other than for the purpose of protecting property seized or threatened with seizure in the proceeding or of contesting the jurisdiction of the court over the defendant." *Id.* § 1717(b)(2). Finally, a court "shall not recognize a foreign-country judgment if . . . [i]n the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action." *Id.* § 1716(c)(1)(E).

We hold that the South Australian district court's default judgment against Rejuvi is enforceable under the Uniform Act, on the ground that Rejuvi waived its personal jurisdiction challenge by voluntarily appearing in South

Australian district court in its attempt to set aside the default judgment.

In neither its 2017 application to the South Australian district court to set aside the default judgment, nor its 2018 appeal to the South Australian Supreme Court, did Rejuvi contest personal jurisdiction. In its 2017 application, Rejuvi did not challenge personal jurisdiction in the South Australian district court. Rejuvi argued only that it lacked knowledge of the Australian proceedings because it was not served with Corso's statements of claims, and that it had a defense on the merits because Corso's injuries were caused by misuse of the paste. A challenge to a judgment based on an asserted lack of knowledge of the judicial proceedings that led to the judgment is different from a challenge to personal jurisdiction. Further, a challenge to a judgment based on a failure to serve process is different from a challenge to personal jurisdiction, unless (as it is not the case here) the assertion of jurisdiction is based solely upon the service of process. In 2018, Rejuvi filed an appeal to the South Australian Supreme Court on the same grounds, again without challenging personal jurisdiction.

Rejuvi's counsel suggested during the federal bankruptcy proceedings that CEO Cheng's declaration in the South Australian district court, supporting Rejuvi's 2017 application to set aside the default judgment, implicitly raised the issue of minimum contacts and objected to personal jurisdiction. However, Cheng's declaration mentioned Rejuvi's contacts with Australia in only two paragraphs—one describing Rejuvi's relationship with its Australian distributor, and the other stating that Rejuvi sold 247 units of its tattoo remover in Australia, only one of which prompted a complaint. Rejuvi's counsel conceded in the bankruptcy court that these

paragraphs did not make "a specific argument about personal jurisdiction."

Even if Rejuvi's counsel had argued specifically in the Australian district court that that court lacked personal jurisdiction, that would not have saved its jurisdictional objection under the Uniform Act. The Act allows a defendant to make a special appearance in a foreign court solely for the purpose of arguing jurisdiction without subjecting itself to the jurisdiction of that court. But except for cases in which seizure of property is at issue (which is not at issue here), the Act does not allow a defendant to appear without subjecting itself to jurisdiction if it appears for a purpose other than contesting jurisdiction. *See* Cal. Civ. Proc. Code § 1717(b)(2). In its appearance before the South Australian district court, Rejuvi argued for relief on grounds other than lack of personal jurisdiction. It therefore does not come within the safe harbor of § 1717(b)(2).

In holding that Rejuvi waived its personal jurisdiction objection, we find persuasive a recent district court decision. In *De Fontbrune v. Wofsky*, 409 F. Supp. 3d 823, 834 (N.D. Cal. 2019), the district court ruled that defendants' initiation of proceedings seeking vacation of a French default judgment precluded them from raising personal jurisdiction as a defense under California's Uniform Act. In *De Fontbrune*, the plaintiffs obtained a copyright infringement money judgment from a French court after defendants failed to attend the French court hearing. *Id.* at 830. Defendants subsequently initiated proceedings in the French court seeking to vacate the French default judgment on substantive grounds. The French court declined to provide relief. *Id.* The district court held that because the defendants had presented arguments on the merits in the French court, they

could not object under the Uniform Act to the exercise of personal jurisdiction by that court:  "Defendants cannot voluntarily submit to the jurisdiction of the French courts to bring a challenge on the merits of the [money judgment] and simultaneously complain that the French courts lack jurisdiction over them." *Id.* at 833 (citing *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 834 (9th Cir. 2005)).

We also find persuasive a series of New York cases.  In essentially identical language to California's Uniform Act, New York's version of the Act requires New York courts to recognize a foreign-country judgment where "the defendant voluntarily appeared in the proceeding, other than for the purpose of protecting property seized or threatened with seizure in the proceeding or of contesting the jurisdiction of the court over the defendant." N.Y. C.P.L.R. 5305.  The New York cases read the Uniform Act "to foreclose a defendant from contesting a foreign judgment for lack of personal jurisdiction once the defendant has done anything more than it had to do to preserve its jurisdictional objection."  *CIBC Mellon Trust Co. v. Moral Hotel Corp.*, 100 N.Y. 2d 215, 225 (2003) (holding that defendants' application to set aside the English judgments and to defend on the merits constitutes a voluntary appearance in the foreign proceeding and waiver of their personal jurisdiction challenge under the Uniform Act); *S.C. Chimexim S.A. v. Volco Enters. Ltd.*, 36 F. Supp. 2d 206, 210, 215 (S.D.N.Y. 1999) (holding that the defendant waived its personal jurisdiction challenge after appealing a default judgment in Romanian court, even though the defendant raised the personal jurisdiction defense in its foreign appeal, because the appeal *also* presented arguments on the merits); *Nippon Emo-Trans Co., Ltd.* v. *Emo-Trans, Inc.*, 744 F. Supp. 1215, 1226 (E.D.N.Y. 1990) (concluding that the defendant was precluded from challenging the jurisdiction of a Japanese

court because the defendant presented arguments on the merits).

Rejuvi's only remaining argument against enforcing the judgment is that the South Australian district court "was a seriously inconvenient forum for the trial of the action" under Cal. Civ. Proc. Code § 1716(c)(1)(E). But the exception for seriously inconvenient forum applies only "[i]n the case of jurisdiction based only on personal service." *Id.* That is, the exception applies only to cases of so-called "tag jurisdiction." The South Australian district court based its jurisdiction over Rejuvi on the fact that the causes of action "arose in South Australia," rather than personal service alone. The seriously inconvenient forum exception under the Uniform Act thus does not apply.

In light of our holding that Rejuvi submitted to the jurisdiction of the South Australian district court when it sought to set aside the default judgment, we need not reach the question whether it was otherwise subject to that court's jurisdiction.

## Conclusion

We hold that Rejuvi waived its personal jurisdiction defense under the Uniform Act by voluntarily appearing in the South Australian district court in an attempt to set aside the 2016 default judgment. We **REVERSE** and **REMAND** to the district court for proceedings not inconsistent with this opinion. We **GRANT** Corso's motion to take judicial notice of Rules 230 and 242 of the 2006 Civil Rules of the District Court of South Australia.

**REVERSED AND REMANDED.**